IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LELAND RICHARD VINTON,<br><br>Defendant. | No. CR03-0062<br><br>ORDER DENYING MOTION TO QUASH |

This matter comes before the Court on the Motion to Quash Subpoena Duces Tecum (docket number 108) filed by Attorney Michael K. Lahammer on August 8, 2007. The parties agree that the Motion may be submitted without hearing.

## RELEVANT FACTS

On June 27, 2003, Defendant Leland Vinton was charged by Indictment with conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and unlawful possession of firearms. On October 29, 2003, Attorney Michael Lahammer was appointed to represent Vinton at public expense. On February 10, 2004, however, Attorney John L. Lane appeared on Defendant's behalf and Mr. Lahammer filed a Motion to Withdraw. The Motion to Withdraw was granted on February 18, 2004.

Following a jury trial commencing on March 8, 2004, Defendant was found guilty on all three counts. Defendant was sentenced on August 19, 2004, to 168 months of imprisonment, followed by 8 years of supervised release. Following Defendant's appeal, the Eighth Circuit Court of Appeals affirmed Defendant's conviction and sentence.

On January 16, 2007, Vinton filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. *See Richard Leland*

*Vinton v. United States of America*, No. C07-0007-LRR (docket number 1). Vinton is represented in the *habeas corpus* action by Attorney Dean A. Stowers.

Mr. Stowers requested a "complete copy" of Mr. Lahammer's file relating to Vinton. After securing a signed release from Vinton, Mr. Lahammer complied with Mr. Stowers' request, with the exception of his CJA voucher or detailed billing statement.[1] Mr. Lahammer argues that the billing information "is never part of a client's file, and is instead a business record for the undersigned's law firm."

## CONCLUSIONS OF LAW

The only authority cited by either party is *Iowa Supreme Court Attorney Disciplinary Board v. Gottschalk*, 729 N.W.2d 812 (Iowa 2007). There, the attorney "refused to provide [his clients] with his working papers, notes, and calculations regarding their bankruptcy, contending they were attorney work product and, as such, were not part of the client file." In concluding that the attorney violated various disciplinary rules and rules of professional conduct, the Iowa Supreme Court addressed an attorney's obligation to provide a client's file upon request.

The Iowa Supreme Court noted that "[i]n general, there are two approaches for determining who owns the documents within a client's file – the 'entire file' approach and the 'end product' approach." *Id.* 819. The Court agreed with the majority of jurisdictions and adopted the "entire file" approach, concluding that "a client owns his or her entire file, including attorney work product, subject to narrow exceptions." *Id.* The Court cited with approval the Restatement view:

> On request, a lawyer must allow a client or former client to inspect and copy any document possessed by the lawyer

---

[1] Apparently, through a mistake or oversight, the proposed plea agreement from the Government was not initially produced. Mr. Lahammer claims, however, that the document was "immediately copied and forwarded to Mr. Stowers" when the oversight was brought to his attention.

2

> relating to the representation, unless substantial grounds exist to refuse.

Restatement (Third), of the Law Governing Lawyers, § 46(2) (2000). Citing comment *c* to the Restatement, the Court noted that a client's right to his file "extends to documents placed in the lawyer's possession as well as the documents produced by the lawyer." *Id.* The Restatement provides a few narrow exceptions to a client's right to the file, but the exceptions would not appear to be applicable here.

This analysis begs the question, however, of whether a billing statement is part of the "client's file," or whether it is a "business record" of the attorney. Mr. Stowers argues the former, while Mr. Lahammer argues the latter. Neither party cited any authority directly on point and the Court has found none.

As set forth in *Gottschalk* and the Restatement, there is a preference toward full disclosure. Generally, a client is entitled to see any information relating to his file. A lawyer may refuse to provide requested information only when it would "violate the lawyer's duty to another." *Gottschalk*, 729 N.W.2d at 819-820 (citing the Restatement (Third) of the Law Governing Lawyers). The Restatement provides a client is entitled to "any document possessed by the lawyer relating to the representation." Given the preference toward full disclosure, the Court concludes that a billing statement or CJA voucher is part of the "client's file" and a copy must be provided to the client upon request. Accordingly, the Court finds that the Motion to Quash Subpoena Duces Tecum filed by Mr. Lahammer should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Quash Subpoena Duces Tecum (docket number 108) is hereby **DENIED**.

DATED this 16th day of August, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

3